UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TADARYL WILLIAMS,

    Plaintiff,

vs.

H. SKOLNIK, et al.,

    Defendants.

3:08-CV-00112-ECR-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

October 30, 2008

    This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for preliminary injunction (#30). Defendants opposed (#37). For the reasons stated below, the court recommends that plaintiff's motion for preliminary injunction be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Tadaryl Williams ("plaintiff") is currently incarcerated by the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#8). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights while he was incarcerated at ESP. *Id.* p. 2. Plaintiff names as defendants Howard Skolnik, NDOC Director; E.K. McDaniel, ESP Warden; Adam Endel, ESP Associate Warden of Programs; Robert Hendrix, ESP Lieutenant; and April Witter, Senior Correctional Officer at ESP. *Id.* at 2-3.

    Plaintiff's complaint includes three counts of alleged constitutional violations. In count I, Plaintiff alleges that defendants violated his Fifth Amendment right to due process because two regulations, MJ-30 and MJ-50, were unconstitutionally vague as applied. *Id.* at p. 4. In count II, Plaintiff contends that defendants violated his Eighth Amendment right against cruel and unusual punishment because they subjected him to sexual harassment and sexual discrimination, and his Fourth Amendment right of privacy because defendant Witter arbitrarily wrote a notice of charges

against him for impermissible sexual conduct, which plaintiff claims was actually the permissible, private conduct of bathing himself. *Id.* at p. 5. Plaintiff also alleges that defendants "have failed to properly train female guards regarding male inmates' right to bodily privacy when showering, urinating, dressing, undressing, and bathing....Therefore, when male inmates are engaged in constitutionally protected conduct, female guards arbitrarily, maliciously, and callously write a MJ-30 or MJ-50 charge for a sexually stimulating act...," thus violating plaintiff's Fourth Amendment right to privacy. *Id.* In count III, plaintiff claims that defendants violated his Fourteenth Amendment right to equal protection. *Id.* p. 6. Plaintiff argues that NDOC differentiates between the "right of bodily privacy afforded male and female inmates in Nevada," which violates plaintiff's right to equal protection. *Id.* Specifically, plaintiff asserts that male guards are not allowed to observe female inmates, but that defendant Witter "was allowed to maliciously sexually harass/discriminate against plaintiff while showering."*Id.* Additionally, plaintiff alleges that NDOC and ESP fail to properly train female guards, which subjects male inmates to sexual harassment from female guards. *Id.*

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Preliminary Injunction Standard

The Prison Litigation Reform Act ("PLRA") states that

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief... .

18 U.S.C. § 3626(2).

2

The traditional equitable criteria for granting a preliminary injunction in the Ninth Circuit are: "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). "A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Textile Unlimited, Inc. v. A.BMH and Company, Inc.*, 240 F.3d 781, 786 (9th Cir. 2001). A prohibitory injunction preserves the status quo while litigation is pending, while a mandatory injunction provides preliminary relief well beyond maintaining that status quo. *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994). Mandatory preliminary injunctions are disfavored, and "the district court should deny such relief 'unless the facts and law clearly favor the moving party.'" *Id.* (quoting *Martinez v. Matthews*, 544 F.2d 1233, 1243 (5th Cir. 1976). To obtain a preliminary injunction, the moving party must demonstrate that the remedy at law is inadequate. *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994). The "granting or withholding of a preliminary injunction rests in the sound judicial discretion of the trial court." *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 325 F.2d 141, 143 (9th Cir. 1964).

**B.  Analysis**

    **1.  Jurisdiction**

Defendants argue that the court does not have jurisdiction to determine plaintiff's motion for two reasons. First, plaintiff's claim that he does not have meaningful access to the court was not pled in his complaint, which is based on alleged violations of plaintiff's constitutional rights in relation to the discipline received after the shower incident. Second, plaintiff did not request injunctive relief in his complaint; therefore, he cannot request it now.

"A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220, 65 S.Ct. 1130, 1134 (1945). A court may not issue an injunction in "a matter lying

wholly outside the issues in the suit." *Id*. A court need not consider claims that were not raised in the complaint. *McMichael v. Napa County*, 709 F.2d 1268, 1273 n. 4 (9th Cir. 1983). Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (where a prisoner brought an action under 42 USC § 1983 alleging Eighth Amendment violations, then subsequently filed a preliminary injunction motion alleging retaliation against him because of the lawsuit, the court stated, "[p]laintiff's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."). For a court to have jurisdiction over a motion for preliminary injunction, "the motion would have to be closely related to the facts, legal issues, and parties address in the plaintiff's...complaint." *Leboeuf, Lamb, Greene & Macrae, LLP v. Abraham*, 180 F. Supp.2d 65, 70 (D. D.C. 2001) (finding that where the only connections between the motion and the underlying lawsuit were the parties, the court did not have jurisdiction).

Plaintiff's complaint alleges that defendants violated his rights to due process, equal protection, and against cruel and unusual punishment when defendant Witter "falsely accused him of masturbation and wrote him a notice of charges," and when all defendants enforced a policy that violated plaintiff's constitutional rights. (#8, p. 3-6). Plaintiff does not request injunctive relief in his complaint. *Id*. p. 9. In his motion for preliminary injunction, plaintiff claims that defendants are denying him meaningful access to the courts (#30, p. 1). Plaintiff contends that ESP law library staff are retaliating against him because they are not processing his requests or giving him law books and because he does not have access to law library computers. He also asserts that ESP security staff are "throwing his legal research and documents in the trash and continuing to misplaced (sic) his legal papers and hide his legal work." *Id*. p. 19-21). Plaintiff claims that because of the prison staff's actions, he cannot litigate his case, and therefore, he requests that the court appoint counsel. *Id*. p. 23. The court finds that it does not have jurisdiction

4

to decide plaintiff's motion for preliminary injunction. Plaintiff's motion alleges completely different claims than plaintiff's complaint. Therefore, plaintiff's motion is denied.[1]

### 2. Preliminary injunction standard

Even assuming that this court has jurisdiction, the court would still deny plaintiff's motion because plaintiff has failed to make the necessary showing for injunctive relief.

### a. Likelihood of success on the merits

To obtain a preliminary injunction, plaintiff must offer evidence that there is a likelihood he will succeed on the merits of his claim. *Johnson*, 72 F.3d at 1430. "Likelihood of success on the merits" has been described as a "reasonable probability" of success. *King v. Saddleback Junior College Dist.*, 425 F.2d 426, 428-29 n.2 (9th Cir. 1970).

The court cannot conclude that plaintiff is likely to succeed on the merits as to any of his claims.

### 1. Count I

Plaintiff has not shown that MJ-30 or MJ-50 were either vague or over broad as applied to him. Plaintiff concedes that the regulations "were created with the specific purpose of preventing sexually stimulating acts by female/male prisoners, which is constitutional" (#30, p. 6). However, plaintiff contends that the regulations are being applied in an impermissibly vague manner by female correctional officers because the regulations allow them to "invoke their own personal standards" in an ad hoc manner. *Id.* at 5. Additionally, plaintiff argues that NDOC failed to train female correctional officers to identify an impermissible action, which exacerbates the vague and over broad application of the regulations. *Id.* at 6-7.

"As generally stated, the void-for-vagueness doctrine requires that a penal statute define

---

[1] On a related note, the court has already denied plaintiff's request for appointment of counsel. The court stated, "The Court will not enter an order directing the appointment of counsel. The plaintiff has already demonstrated that he is fully able to litigate this case on his own. He has submitted various documents to the Court, and is fluent in English. Moreover, none of the issues in this case is particularly complex, which indicates that the plaintiff will be able to litigate this case on his own." (#7, p. 2-3). Plaintiff's second motion for appointment of counsel (#11) was construed as a motion regarding case management as the court had "already made its ruling regarding appointment of counsel." (#28, p. 2). The court's decision regarding appointment of counsel in this case still stands; the court will not appoint counsel.

5

the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement....Where the legislature fails to provide such minimal guidelines, a criminal statute may permit a standardless sweep that allows policemen, prosecutors, and juries to pursue their personal predilections." *Kolender v. Lawson*, 461 U.S. 352, 357-58, 103 S. Ct. 1855, 1858 (1983). The statute at issue in *Kolender* was found unconstitutionally vague because it did not describe with sufficient particularity what a suspect must do to satisfy the statute's "credible and reliable" identification requirement. *Id.* at 361.

MJ-30 of the NDOC Penal Code provides that the following are major disciplinary offenses: "[s]exually stimulating activities, including but not limited to caressing, kissing, or fondling, except as authorized by Departmental visitation regulations. NDOC AR 707.02 Disciplinary Offenses, p. 6, at MJ30, at http://www.doc.nv.gov/ar/pdf/AR707.pdf. MJ-50 of the NDOC Penal Code provides that the following are major disciplinary offenses: "Sexual Harassment: Conduct that is sexually abusive or offensive to any person and that may include, but is not limited to, suggestive language directed to another, or as an aside; unwanted or inappropriate touching; exposing one's self; performing a sex act with knowledge that it will be observed by another; displaying sexually provocative or explicit materials/drawings." *Id.*, p. 7.

First, the court notes that plaintiff brings his due process claim under the Fifth Amendment. However, because there are no federal actors here, any due process or equal protection claims must be brought under the Fourteenth rather than the Fifth Amendment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). Because plaintiff is proceeding *pro se*, the court will construe this claim as being brought under the Fourteenth Amendment.

Plaintiff has not shown a likelihood of success on the merits as to count I because he has not demonstrated that either MJ-30 and MJ-50 are unclear as to what conduct they prohibit or that they were applied in an unconstitutionally vague manner. Plaintiff's recollection of what occurred on the day the notice of charges was issued differs from Officer Witter's. Officer Witter claims that plaintiff intentionally engaged in conduct that was clearly prohibited by the regulations (#30, exh. A, #37, p. 27-28 (The notice of charges and Officer Witter's declaration both state that

plaintiff twice left the area in the back of the shower, where the showerhead is located, moved to the front of the shower, moved his towel so that the Officer's view of him in the shower was unobstructed and intentionally masturbated in an area where he knew Officer Witter would see him). Plaintiff asserts that he was not engaged in volitional conduct, but was merely washing himself, and that Officer Witter was mistaken; therefore, she arbitrarily punished him for permitted conduct. Both MJ-30 and MJ-50 are clear as to what conduct they prohibit. "Sexually stimulating activities...[such as] fondling" and "performing a sex act with knowledge that it will be observed by another" are prohibited. Although plaintiff disputes that female guards are trained, Officer Witter also asserts that the female guards are trained to "recognize the difference between an inmate simply showering and one who is purposely exposing himself, during the classes on "Con Games Inmates Play" (#37, p. 28). Plaintiff has not shown a likelihood of success on the merits. MJ-30 and MJ-50 define the prohibited conduct with sufficient definiteness that ordinary people can understand what conduct is prohibited. Further, Officer Witter was trained to differentiate between prohibited and permitted conduct, undermining plaintiff's argument that she or other female correctional officers apply the regulations arbitrarily.

### 2.     Count II

In count II, plaintiff alleges defendants violated his Eighth Amendment rights because they sexually harassed and discriminated against him, and his Fourth Amendment right to bodily privacy. Plaintiff has not demonstrated a likelihood of success on the merits.

The Eighth Amendment protects prisoners from sexual assault or abuse. *See Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000). "The Amendment also imposes duties on...[prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976 (1994). Two requirements must be met for a prison official to violate the Eighth Amendment. First, "the deprivation must be, objectively, 'sufficiently serious.'" *Id.* at 834. Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind...,' [which] is one of 'deliberate indifference' to inmate

health or safety." *Id.* at 834. The Eighth Amendment's protections "do not necessarily extend to mere verbal sexual harassment." *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th cir. 2004). Plaintiff has presented no evidence that he was actually sexually harassed. Additionally, plaintiff has not demonstrated that Officer Witter acted with a culpable state of mind when she issued the notice of charges or that other prison officials were deliberately indifferent to plaintiff's rights. Therefore, plaintiff has not shown a likelihood of success on the merits in his Eighth Amendment claim.

As for his Fourth Amendment claim, plaintiff has not demonstrated that defendants violated his right to privacy. "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." Plaintiff was afforded some privacy because he was allowed to place his towel over the shower door to obstruct the Correctional Officer from viewing him. However, plaintiff apparently removed his towel during his shower, which is why he was fully visible to Officer Witter. Plaintiff has not shown a likelihood of success on the merits as to count II.

### 3. Count III

In count III, plaintiff alleges that defendants violated his Fourteenth Amendment right to equal protection because female inmates are not subjected to sexual harassment by male guards, but male inmates are subjected to sexual harassment by female guards. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with the intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "Where the challenged governmental policy is 'facially neutral,' proof of its disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), *citing Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-66, 97 S.Ct. 555 (1977).

Plaintiff has presented no evidence that NDOC has a policy where male guards cannot

observe female inmates while showering. Plaintiff has also not demonstrated that any such policy has a discriminatory intent or purpose. The regulations that plaintiff challenges are facially neutral and apply equally to male and female inmates, requiring plaintiff to establish the existence of an underlying discriminatory purpose. Plaintiff's allegations that he was discriminated against on other occasions by female guards does not prove that defendants either have a policy of discriminating against male inmates or that such a policy has an underlying discriminatory purpose. Therefore, plaintiff has not shown a likelihood of success on the merits as to his equal protection claim in count III.

### b. Irreparable Injury

To obtain a preliminary injunction, plaintiff must offer evidence that he will be irreparably injured without the injunction. *Johnson*, 72 F.3d at 1430. "Courts generally do look at the immediacy of the threatened injury in determining whether to grant preliminary injunctions." *Privitera v. California Bd. Of Medical Quality Assurance*, 926 F.2d 890, 897 (9th Cir. 1991) citing *Caribbean Marine*, 844 F.2d at 674 ("a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief").

Plaintiff has not offered evidence of irreparable injury. The District Court found previously in this case that plaintiff did not suffer irreparable harm when his cell was searched and specific papers were discarded (#9, p. 2).[2] In the instant motion, plaintiff alleges that because he is assigned to protective custody status, he does not have physical access to a law library or library computer. Further, he claims that prison staff is retaliating against him by failing to process his book requests, refusing him access to the law library computer, and searching and misplacing his

---

[2] Plaintiff filed a previous motion for preliminary injunction requesting the court to compel ESP officials "to cease retaliating, harassing and threatening plaintiff." (#6, p. 1; #9, p. 2). There, plaintiff alleged that his cell was searched and legal papers were taken and discarded and that a correctional officer threatened him with physical harm during the cell search, which was done in retaliation for filing the instant civil rights action (#9, p. 2). The District Court found, "plaintiff has not demonstrated the possibility of irreparable harm. As to the search of plaintiff's cell, an inmate ordinarily has no reasonable expectation of privacy to his jail cell or his possessions within it. Regarding his legal papers being discarded, plaintiff has not alleged that he is unable to litigate this action without the specific papers that were discarded....Plaintiff has not demonstrated the possibility of irreparable harm." *Id.* (internal citations omitted).

9

legal work (#30, p. 19-22). Plaintiff contends that defendants' alleged actions are causing him irreparable harm because they are preventing him from litigating this action. The court disagrees. Plaintiff has access to law library materials, he has requested numerous books from the law library, and it appears that plaintiff has received at least some of these books (#30, p. 28). Plaintiff may have had some difficulty or there may have been some delay receiving some books. Plaintiff's grievances reveal that sometimes books are not available when requested, and that the officer assigned to the law library was pulled from his post to cover other posts due to staff shortages on at least one occasion. *Id.* at p. 28 & 42. However, these incidents, at most, delayed plaintiff's research. They did not cause irreparable harm. Plaintiff has had access to books from the law library. *See id.* at p. 30, 31, 34 & 45.

Plaintiff has been able to prosecute his case and he has had access to the court. Plaintiff was able to file the instant preliminary injunction motion. Plaintiff also has the ability to kite the law library if he needs assistance with his research. *See id.* at p. 34. Further, even if plaintiff's inability to have physical access to the library causes delay in later proceedings, plaintiff can ask the court for additional time to file a response or reply to any motions that defendants may file. Therefore, plaintiff has not suffered irreparable harm with regard to his access to the law library. Plaintiff has also not demonstrated that any actions taken by defendants or correctional officers have caused the possibility of irreparable injury as plaintiff was able to write and file his preliminary injunction motion.

### c. Balance of Hardships and the Public Interest

Because the court found that plaintiff failed to demonstrate a likelihood of success on the merits and irreparable injury, the court does not address the balance of hardships or public interest elements.

### d. Alternative Test

The Ninth Circuit has held that as an alternative to the four traditional equitable criteria for relief through preliminary injunction, plaintiff may prove *either* (1) a likelihood of success on the merits and the possibility of irreparable injury, *or* (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in his favor. *Southwest Voter Registration*

1  *Educ. Project*, 344 F.3d at 917 (emphasis added). The court concluded above that plaintiff has not demonstrated that he can meet the first alternative test – a likelihood of success on the merits and irreparable injury.

Regarding the second alternative test, plaintiff is unable to prove that the balance of hardships tips sharply in his favor. There is no evidence that plaintiff has incurred substantial hardship; rather, plaintiff has been able to access law library materials, even if not immediately upon request. The balance of hardships rests with defendants as they are in charge of maintaining the safety and order in the prison.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that it does not have jurisdiction to rule on plaintiff's motion for preliminary injunction because the allegations in the motion are not related to the allegations in plaintiff's complaint. Alternatively, plaintiff has not demonstrated that he has a likelihood of success on the merits or the possibility of irreparable harm.

As such, the court respectfully recommends that plaintiff's motion for preliminary injunction (#30) be **DENIED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///
///
///

11

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for preliminary injunction (#30) be **DENIED**.

**DATED:** October 30, 2008.

*/s/ Valerie P. Cooke*

**UNITED STATES MAGISTRATE JUDGE**