**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TADARYL WILLIAMS,  )<br>             )<br>         Plaintiff,   )<br>             )<br>    vs.       )<br>             )<br>H. SKOLNIK, et al.,   )<br>             )<br>         Defendants.   )<br>_____ ) | 3:08-CV-0112-ECR (VPC)<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for summary judgment (#83). Plaintiff opposed (#94), and defendants replied (#99). Plaintiff filed a cross-motion for summary judgment (#84), which defendants opposed (#91), and plaintiff replied (#97). For the reasons stated below, the court recommends that defendants' motion for summary judgment (#83) be granted and plaintiff's cross-motion for summary judgment (#84) be denied.

### I. HISTORY AND PROCEDURAL BACKGROUND

Plaintiff Tadaryl Williams ("plaintiff") is currently incarcerated by the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#8). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights while he was incarcerated at ESP. *Id*. p. 2. Plaintiff names as defendants Howard Skolnik, NDOC Director; E.K. McDaniel, ESP Warden; Adam Endel, ESP Associate Warden of Programs; Robert Hendrix, ESP Lieutenant; and April Witter, Senior Correctional Officer at ESP. *Id*. at 2-3.

On September 3, 2006, defendant Witter issued a notice of charges against plaintiff for a violation of MJ-50, which provides:

> Sexual harassment: Conduct that is sexually abusive or offensive to any person and that may include, but is not limited to, suggestive language directed to another, or as an aside; unwanted or inappropriate touching; exposing one's self; performing a private sex act with knowledge that it will be observed by another; displaying sexually provocative or explicit materials/photos/drawings. (Class B).

Defendants' motion for summary judgment (#83 - Witter Declaration, WITTER-2 01-05; D-MSJ 8-11; and AR 707-D-MSJ 96). Defendant Witter reported that while showering, plaintiff began to masturbate, and defendant Witter instructed plaintiff, via the intercom, to stop (#83; D-MSJ 008). When she looked back to the shower to see whether plaintiff was finished showering, defendant Witter saw him masturbating again. *Id.* Defendant Witter once again notified plaintiff over the loudspeaker to cease this behavior, which he did. *Id.* Plaintiff then got dressed. *Id.* The notice of charges followed.

At a disciplinary hearing, plaintiff was found guilty of violating MJ-50, and he was sanctioned to 180 days confinement in disciplinary segregation and a "stat forfeiture" loss of 103 days of "stat time" credit (#83, Endel Declaration, ENDEL-03). The statutory forfeiture report indicates that plaintiff lost 103 days of "stat time" credit, which means that plaintiff's violation of MJ-50 resulted in a loss of 103 days of time that plaintiff earned before the commission of this disciplinary violation pursuant to N.R.S. § 209.451 (#83, D-MSJ 102).

Plaintiff's complaint includes three counts of alleged constitutional violations (#8). In count I, plaintiff alleges that defendants violated his Fifth Amendment right to due process because two regulations, MJ-30 and MJ-50, were unconstitutionally vague as applied. *Id.* at p. 4.[1] In count II, Plaintiff contends that defendants violated his Eighth Amendment right against

---

[1] "The Due Process Clause of the Fifth Amendment and the equal protections component thereof apply only to actions of the federal government – not to those of state or local governments." *Lee v. City of Los Angeles,* 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson,* 450 U.S. 221, 227 (1981). The defendants in this action are state actors, not federal actors; therefore, plaintiff's Fifth Amendment claims, whether under alleged under due process or equal protection, cannot stand. However, since defendant is proceeding in *pro se,* the court will construe the claims in Count 1 as alleging violations of the Fourteenth Amendment.

cruel and unusual punishment because they subjected him to sexual harassment and sexual discrimination, and his Fourth Amendment right of privacy because defendant Witter arbitrarily wrote a notice of charges against him for impermissible sexual conduct, which plaintiff claims was actually the permissible, private conduct of bathing himself. *Id*. at p. 5. Plaintiff also alleges that defendants "have failed to properly train female guards regarding male inmates' right to bodily privacy when showering, urinating, dressing, undressing, and bathing.... Therefore, when male inmates are engaged in constitutionally protected conduct, female guards arbitrarily, maliciously, and callously write a MJ-30 or MJ-50 charge for a sexually stimulating act...," thus violating plaintiff's Fourth Amendment right to privacy. *Id*.

In count III, plaintiff claims that defendants violated his Fourteenth Amendment right to equal protection. *Id*. p. 6. Plaintiff argues that NDOC differentiates between the "right of bodily privacy afforded male and female inmates in Nevada," which violates plaintiff's right to equal protection. *Id*. Specifically, plaintiff asserts that male guards are not allowed to observe female inmates, but that defendant Witter "was allowed to maliciously sexually harass/discriminate against plaintiff while showering."*Id*. Additionally, plaintiff alleges that NDOC and ESP fail to properly train female guards, which subjects male inmates to sexual harassment from female guards. *Id*.

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**II. DISCUSSION AND ANALYSIS**

**A.     Discussion**

**1.     Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in

3

dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the courts must

> [d]istinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 526, 126 S.Ct. 2572, 2576 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

    **2.**    **Exhaustion of Habeas Corpus Remedy Prior to Filing Section 1983 Action**

"[W]hen a state prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to immediate release or a speedier release from that imprisonment, [the prisoner's] sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (holding that an injunctive relief action to restore the revocation of good-time credits is not cognizable under § 1983).

4

1    Moreover, where a § 1983 action seeking damages alleges constitutional violations that
2  would necessary imply the invalidity of the conviction or sentence, the prisoner must establish
3  that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition,
4  or through some similar proceeding. *See Heck v. Humphrey,* 512 U.S. 477, 484-87 (1994).  The
5  Supreme Court later clarified that *Heck's* principles (also known as the "favorable termination"
6  rule) applied regardless of the form of remedy sought, if the § 1983 action implicates the validity
7  of an underlying conviction or a prison disciplinary sanction.  *See Edwards v. Balisok,* 520 U.S.
8  641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging the
9  validity of the procedures used to deprive a prisoner of good-time credits is not cognizable under
10 § 1983)**;** *see also Wilkinson v. Dodson,* 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983
11 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable
12 relief), no matter the target of the prisoner's § 1983 suit (state conduct leading to conviction or
13 internal prison proceedings) – *if* success in that action would necessarily demonstrate the
14 invalidity of confinement or its duration."); *Whitaker v. Garcetti,* 486 F.3d 572, 583-85 (9th Cir.
15 2007) (explaining that the "sole dispositive question is whether a plaintiff's claim, if successful,
16 would imply the invalidity of [the plaintiff's] conviction.")

17    N.R.S. § 209.451 provides for the forfeiture and restoration of "time-served credits earned
18 by inmates confined in Nevada prisons. *See generally* N.R.S. § 209.451.  Specifically, N.R.S.
19 § 209.451(2) states:

> If an offender commits a serious violation of the regulations of the Department or of the terms and conditions of his residential confinement or if an offender violates subsection 4 of NRS 209.367, he may forfeit all or part of such deductions [of time earned by him before the commission of that offense or act], in the discretion of the Director.

23 **B.  Analysis**

24    It is undisputed that as a result of his disciplinary conviction for lewd conduct in the
25 showers, plaintiff lost 103 days of "stat" (time-earned) credits, affecting the length of his
26 sentence.  Plaintiff alleges that application of certain rules to the conduct charged against him
27 violated the Constitution, but he does not seek to restore his lost "stat" time credits, nor does he
28 seek declaratory or injunctive relief; rather, he seeks monetary damages (#8).  However, if

5

1  plaintiff prevailed at trial and his prison guilty finding were invalidated, defendants would have
2  no legal right to withhold plaintiff's lost "stat" time credits, and the court might well restore his
3  lost 103 days of time-earned credits that plaintiff accumulated prior to the disciplinary hearing.
4  Therefore, if plaintiff prevails in this case, it would implicate overturning that prison disciplinary
5  guilty finding.

6  Plaintiff did not file a *habeas corpus* action relating to the constitutional violations alleged
7  in his complaint; therefore, summary judgment is proper as to all counts because the claims are
8  not cognizable until plaintiff's disciplinary conviction is invalidated. *Wilkinson v. Dotson,* 544
9  U.S. 74, 81-82 (2005)*; Heck v. Humphrey,* 512 U.S. 477, 483-87 (1994).

10  The parties are advised:

11  1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of
12  Practice, the parties may file specific written objections to this report and recommendation within
13  ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report
14  and Recommendation" and should be accompanied by points and authorities for consideration
15  by the District Court.

16  2.  This report and recommendation is not an appealable order and any notice of
17  appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's
18  judgment.

### III.  CONCLUSION AND RECOMMENDATION

As such, the court respectfully recommends that defendants' motion for summary judgment (#83) be **GRANTED** as to all counts, and that plaintiff's cross-motion for summary judgment (#84) be **DENIED.**

DATED: July 16, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**